WO JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jeffrey Gregory Lopez, | ) | No. CV 05-3455-PHX-MHM (JRI) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro, et al., | ) | |
| Respondents. | ) | |

Petitioner, confined in the Maricopa Unit of the Arizona State Prison in Douglas, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court will dismiss the action without prejudice for failure to exhaust claims.

**A.    Motion to Proceed *In Forma Pauperis*.**

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust balance is less than $25.00.  See Local Rule of Civil Procedure 3.5(b) (excess of $25.00 requires payment of the filing fee).  Accordingly, the Application to Proceed *In Forma Pauperis* (Doc. #1) will be granted.

**B.    Procedural Background**

On January 9, 2004 Petitioner was convicted of violating the conditions of probation previously imposed after a guilty plea on the charge of sale of narcotic drugs, Matter No. CR 2001-093531.  He pled guilty to the probation violation and was sentenced to imprisonment

for five years. Petitioner's post-conviction petition was timely filed, and was denied by the superior court on June 28, 2005 on the grounds that Petitioner failed to present a colorable claim for relief. Petitioner timely filed a Motion for Rehearing in the superior court.

Petitioner filed the present habeas petition prior to the superior court's decision on the Motion for Rehearing. The habeas petition raises two grounds for relief: (1) ineffective assistance of counsel; and (2) denial of due process rights. Within days of Petitioner filing his habeas motion, the superior court rendered its decision denying Petitioner's Motion for Rehearing. Minute Entry, CR 2001-093531, November 1, 2005, http://www.courtmintues.maricopa.gov/docs/Criminal/112005/m1994916.pdf.

### C.   **Habeas Petition is Premature**

A prisoner attacking his state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. Rose v. Lundy, 455 U.S. 509 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983). Exhaustion requires that Petitioner's claims be fairly presented to the highest state court to provide that court with an opportunity to rule on the merits of Petitioner's federal claims. Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir. 1986). "To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32 [Arizona Rules of Criminal Procedure]." Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). In cases not carrying a life sentence or death penalty, claims are exhausted once the Arizona Court of Appeals has ruled on them. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). The failure to exhaust subjects the Petitioner to dismissal. Gutierrez v. Griggs, 695 F.2d 1195 (9th Cir. 1983).

For a person who pled guilty, a conviction does not become final until the time for filing an of-right proceeding pursuant to Rule 32 of the Arizona Rules of Criminal Procedure has expired. See Rule 17.1(e) and 32.1, Ariz.R.Crim.P; State v. Towery, 64 P.3d 828, 832 (2003) (citing Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) that finality occurs when the conviction has been rendered, the availability of appeal exhausted, and the time for a

1  petition for certiorari has elapsed or been denied).  At the time his petition was filed,
2  Petitioner's conviction was not final and was still under consideration in the state court post-
3  conviction proceeding.  It was premature for Petitioner to file a habeas petition prior to his
4  conviction becoming final.  Moreover, Petitioner's conviction will not be final until 30 days
5  after the decision denying the Motion for Rehearing.  Rule 32.9(c), Ariz.R.Crim.P.  Under
6  these circumstances, it would be inappropriate for this Court to rule on his claims.  See, e.g.,
7  Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (even where claim to be challenged
8  has been finally settled in state courts, petitioner must await outcome of his appeal in state
9  court before remedies are exhausted); Schnepp v. State of Oregon, 333 F.2d 288 (9th Cir.
10 1964) (*per curiam*) (pending post-conviction proceedings precluded grant of writ of habeas
11 corpus).  Accordingly, the Court will dismiss the action without prejudice.

**IT IS THEREFORE ORDERED that:**

(1)  Petitioner's Application to Proceed *In Forma Pauperis* (Doc. #1) is granted.

(2) The Petition and this action are dismissed without prejudice, and the Clerk of Court shall enter judgment accordingly.

DATED this 8th day of November, 2005.

_____
Mary H. Murguia
United States District Judge

- 3 -
Case 2:05-cv-03455-MHM--JRI    Document 4    Filed 11/09/2005    Page 3 of 3